IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JIMMIE THORN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| **MYLAN PHARMACEUTICALS, INC.;** | ) |
| **PRINSTON PHARMACEUTICAL,** | )   Case No.: **20-442** |
| **INC.; SOLCO HEALTHCARE US,** | ) |
| **LLC; AUROBINDO PHARMA USA,** | ) |
| **INC.; AUROBINDO PHARMA, LTD.;** | ) |
| **and FICTITIOUS DEFENDANTS 1-7,** | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Prinston Pharmaceutical Inc. ("Prinston") and Solco Healthcare U.S., LLC ("Solco") (collectively, "Defendants"), by its attorneys, file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446, to the United States District Court for the Southern District of Alabama. Removal is proper under diversity jurisdiction. As grounds for removal, Defendants state as follows:

### BRIEF BASIS OF REMOVAL

1. Removal is proper because there is diversity of citizenship. Plaintiff is a citizen of Alabama. No defendant is a citizen of Alabama. The amount in controversy exceeds $75,000. Accordingly, all the requirements of diversity jurisdiction are satisfied.

### NATURE OF THE ACTION

2. According to the Complaint, Plaintiff alleges that she ingested Defendants' "Valsartan/Hydrochlorothiazide (HCTZ) or Valsartan" product and subsequently sustained injury.

*See* a copy of the Complaint attached hereto as Exhibit A, at ¶¶ 16, 18-23.  Plaintiff alleges claims against all Defendants based on the Alabama Extended Manufacturer's Liability Doctrine.

3. This is one of more than 600 similar cases filed around the country involving personal-injury allegations by plaintiffs who have ingested either the medication Valsartan or other related "-sartan" drugs.  On February 14, 2019, the Judicial Panel on Multidistrict Litigation issued an order establishing MDL No. 2875, *In re Valsartan N-Nitrosodimethylamine (NDMA) Prods. Liab. Litig.,* 363 F. Supp. 3d 1378 (J.P.M.L. 2019), before Judge Robert B. Kugler in the United States District Court for the District of New Jersey. On December 18, 2019, MDL No. 2875 was expanded to include additional "-sartan" drugs Losartan and Irbesartan and was renamed "*In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*." *In re Valsartan Prods. Liab. Litig.*, 433 F. Supp. 3d 1349, 1353 (J.P.M.L. 2019).  Prinston and Solco intend to seek the transfer of this action to that proceeding, and will shortly provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules. [1]

4. Prinston Pharmaceutical, Inc., was served on August 31, 2020, and Solco Healthcare US, LLC, was served on August 30, 2020.  *See* the true and correct copies of all state court pleadings are attached hereto as Exhibit B.  This Notice of Removal is filed within thirty (30) days of Prinston and Solco's receipt of service, and as such, pursuant to the requirements set forth in 28 U.S.C. § 1446 (b), this Notice of Removal is timely filed.

5. For the foregoing reasons, and as set forth more fully below, this Court has subject matter jurisdiction over this action which is removal pursuant to 28 U.S. §§ 1332 and 1442, *et seq.*

---

[1] This is the sixth *'sartan* related Complaint filed by the same Plaintiff's counsel that has been removed to the Alabama federal courts to date. (See 3:20-cv-00567-ECM-JTA *Dennis v. Solco Healthcare U.S., LLC et al* and 3:20-cv-00595-SMD, *Pace v. Major Pharmaceuticals et al.* and 3:20-cv-00609, *Harris v. Aurobindo Pharma USA, Inc., et al*. all filed with the Middle District of Alabama; *see also* 2:20-cv-00416, *Smiley v. Aurobindo Pharma USA, Inc.*, filed in the Southern District of Alabama, and 7:20-cv-1216-LSC, *Brown v. Camber Pharmaceuticals, et al.*, filed in the Northern District of Alabama).

## GROUNDS FOR REMOVAL

I. **Federal Jurisdiction Is Proper Under Diversity of Citizenship**

6. Diversity jurisdiction exists over actions between citizens of different states, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

   **A. There is complete diversity of citizenship.**

7. Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559,1564 (11th Cir. 1994).

8. Plaintiff is a citizen of Alabama. The face of the Complaint alleges that Plaintiff is a Dallas County, Alabama resident. *See* Exhibit A at ¶ 1.

9. Aurobindo Pharma USA, Inc. is a Delaware corporation with its principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520. Accordingly, Aurobindo Pharma USA, Inc. is a citizen of Delaware and New Jersey.

10. Upon information and belief, Aurobindo Pharma, Ltd. is an India corporation with its principal place of business located in Hyderabad, India. Accordingly, Aurobindo Pharma, Ltd. is a citizen of India.[2]

11. Mylan Pharmaceuticals, Inc. is a corporation, organized as such under the laws of the State of West Virginia. Mylan Pharmaceuticals, Inc.'s principal place of business is located in Morgantown, West Virginia.

---

[2] Defendant Aurobindo Pharma Ltd. is represented by the same counsel as Aurobindo Pharma USA, Inc., but has not been properly served with the Complaint as of the filing of the Notice of Removal. Aurobindo Pharma Ltd. expressly reserves all defenses.

12. Prinston Pharmaceutical, Inc. is a corporation, organized as such under the laws of the State of Delaware. Prinston Pharmaceutical, Inc.'s principal place of business is located at 700 Atrium Drive, Suite A, Somerset, NJ 08873.

13. Solco Healthcare US, LLC is a limited liability company organized under the laws of the State of New Jersey. The sole member of Solco Healthcare U.S., LLC is Prinston Pharmaceutical, Inc., which is a Delaware corporation with its principal place of business in Somerset, New Jersey.

14. "Fictitious Defendants 1-7" are fictitious, are not parties to the action, have not been served, and are properly disregarded for the purposes of removal. 28 U.S.C. § 1441(b) directs the court to disregard the citizenship of defendants sued under fictitious names when determining whether an action is removable on the basis of diversity jurisdiction. *Simpson v. Primerica Life Ins. Co.*, 2017 U.S. Dist. LEXIS 78211, *21, n.1 (citing 28 U.S.C. § 1441(b)(1)); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court.")).

**B. The amount in controversy requirement is satisfied.**

15. The amount-in-controversy requirement for this Court to exercise diversity jurisdiction is satisfied here because the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a).

16. In determining the amount in controversy, courts look to the "face of the pleadings." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

17. "In making this determination, the court is not bound by the plaintiff's representations regarding his or her claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Jones v. Novartis Pharms. Co.*, 952 F. Supp.

2d 1277, 1282 (N.D. Ala. 2013) (citing *Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010)).

18. A notice of removal "need not contain evidentiary submissions," but merely a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(a) (notice of removal need only contain a "short and plain statement of the grounds for removal").

19. As the Eleventh Circuit has noted:

> Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See [Pretka*, 608 F.3d] at 754. Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint…establishes the jurisdictional amount.' *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc., 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)*); *see also* Williams *[v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)] (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).

20. While the Plaintiff states in her complaint that "upon information and belief, the damages sought are less than $75,000," that certainly does not rise to the level of specified damages nor does it prevent the Court from determining the amount in controversy. Indeed, "preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." *Roe*, 613 F.3d at 1064.³ "The overall point in this analysis is that 'a removing defendant is not required to prove

---

³ This case was filed after the *Dennis* and *Pace* cases were removed. All complaints, as well as those by *Smiley*, *Harris* and *Brown*, are nearly identical, except in one regard: the addition of the sentence "upon information and belief, the damages sought are less than $75,000" in the instant case.

the amount in controversy beyond all doubt or to banish all uncertainty about it.'" *Jones*, 952 F. Supp. 2d at 1283 (quoting *Pretka*, 608 F.3d at 754).

21.     Further, the amount in controversy is merely an estimate of the amount that will be put at issue in the litigation; it is not evidence of the amount the plaintiff will ultimately recover. *Pretka,* 608 F.3d at 751.

22.     In this case, satisfaction of the amount in controversy is facially apparent from Plaintiff's Complaint based on Plaintiff's allegations of injuries. Plaintiff seeks damages for her physical injury allegedly due to ingestion of medication purportedly contaminated N-nitrosodimethylamine, which is a claimed carcinogenic impurity. Specifically, she alleges that she ingested Defendants' "Valsartan/Hydrochlorothiazide (HCTZ) or Valsartan" products and "[a]s a result of the actions of Defendants, Plaintiff sustained injury." Plaintiff claims that the Valsartan drug she ingested was defective because Defendants "knowingly, recklessly, or negligently manufactured the drug with impurities, including but not limited to, a substance known as N-nitrosodimethylamine." *See* Exhibit A at ¶¶ 16-23.

23.     In hundreds of similar actions pending in the *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*, the plaintiffs claim that the same carcinogenic impurity at issue in this case presents a risk of cancer or other injuries that cause pain and suffering, great emotional distress, and mental anguish. Thus, although Plaintiff is non-specific with regard to her alleged injuries, this Court can reasonably infer that Plaintiff's claims are worth more than the $75,000 threshold. *See, e.g.*, *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, No. 19-13670, 2020 WL 3119069, at *3 (11th Cir. June 11, 2020) (stating, "[c]omplaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000.").

24. Here, Plaintiff demands a judgement against all Defendants, jointly and severally, "together with interest, cost, and such other or further relief to which Plaintiff may be entitled." *See* Complaint at p. 5. In addition to the Aurobindo parties, Mylan Pharmaceuticals, Inc., Prinston Pharmaceutical, Inc. and Solco Healthcare US, LLC, she names seven fictitious entities as defendants, including "whether singular or plural," individuals and entities who or which: (1) "stocked manufactured the drug consumed by Plaintiff"; (2) "marketed the drug ingested by Plaintiff"; (3) "sold the drug ingested by Plaintiff"; (4) "caused the drug ingested by Plaintiff to be contaminated"; (5) "had any role in the distributive chain regarding the drug ingested by Plaintiff"; (6) "designed, manufactured, or distributed component parts of the drug ingested by Plaintiff"; and (7) "whose negligence, intentional conduct, willfulness, breach of contract, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiff's Complaint." *See* Exhibit A at ¶¶ 7-13.

25. Moreover, Plaintiff appears to be seeking punitive damages, as she alleges that Defendants "knowingly, recklessly, or negligently manufactured" losartan and "concealed the defective condition of the drug from Plaintiff and otherwise suppressed the dangerous nature of the medication." *See* Exhibit A at ¶¶ 21-22. While Defendants deny that Plaintiff is entitled to any damages, let alone punitive damages, these prospective punitive damages must be considered in any calculation of the amount in controversy. *See, e.g., Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered, … unless it is apparent to a legal certainty that such cannot be recovered."); *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009).

26. Based on these allegations, the amount in controversy exceeds the $75,000 jurisdictional threshold.

**II.   Other Matters**

27. Pursuant to 28 U.S.C. § 1442(a), venue is proper in this Court as the Circuit Court of Dallas County, Alabama, where the state action is pending, is a state judicial district within the United States District Court for the Southern District of Alabama. 28 U.S.C. § 81(c)(1).

28. Written notice of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of this Notice will be filed in the appropriate state court, as required by 28 U.S.C. § 1446(d). This Notice of Removal is signed pursuant to Fed. R. Civ. Proc. 11. *See* 28 U.S.C. § 1446(a).

29. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all state court pleadings are attached hereto as Exhibit B.

30. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

31. While reserving all defenses, Defendant Mylan Pharmaceuticals, Inc. consents to removal and has executed the Consent to Removal attached as Exhibit C.[4]

32. Defendant Aurobindo Pharma USA, Inc. consents to removal and has executed the Consent to Removal attached as Exhibit D.[5]

33. Defendant Aurobindo Pharma, Ltd. has not been properly served with this Complaint. (See Exhibit D).

---

[4] Defendant Mylan Pharmaceuticals, Inc., was served on August 21, 2020 (See Exhibit B).
[5] Defendant Aurobindo Pharma USA, Inc was served on August 24, 2020 (See Exhibit B).

34. In filing this Notice of Removal, none of the Defendants waive any defenses that may be available, including without limitation jurisdiction, venue, or standing. Defendants reserve all defenses, whether jurisdictional or otherwise. Further, Prinston and Solco do not admit any allegations in the Complaint.

35. Prinston and Solco reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Prinston and Solco respectfully request that the above-captioned action now pending in the Circuit Court of Dallas County, Alabama be removed to this Court.

Respectfully submitted, this 8th day of September, 2020.

s/ George R. Parker
George R. Parker (ASB-2248-k74g)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
gparker@bradley.com

- *and* -

F.M. Haston III (ASB-8858-A64F)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
thaston@bradley.com

## CERTIFICATE OF SERVICE

      I hereby certify that on September 8th 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Gerald C. Brooks, Esq.
      Christopher D. Baldwin, Esq.
      Tiffany Toliver, Esq.
      Serious Injury Law Group
      P.O. Box 361256
      Birmingham, AL 35236
      (205) 206-7070
      Email: gerald@seriouslawyers.com
            chris@seriouslawyers.com
            tiffany@seriouslawyers.com
      *Attorneys for Plaintiff Jimmie Thorn:*

      Jason M. Reefer, Esq.
      Pietragallo Gordon Alfano Bosick & Raspanti, LLP
      One Oxford Centre, 38th Floor
      Pittsburgh, PA 15219
      (412) 263-1840
      Email: JMR@Pietragallo.com
      *Attorney for Mylan Pharmaceutical, Inc.:*

      Sara M. Turner
      Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
      Shipt Tower
      420 20th Street North, Suite 1400
      Birmingham, Alabama 35203
      Telephone:  (205) 328-0480
      Email: smturner@bakerdonelson.com
      *Attorney for Aurobindo Pharma USA, Inc. and Aurobindo Pharma, Ltd.:*

                                      s/ George R. Parker
                                      Of Counsel